## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| NANCY JOHNSON,<br>Individually and on Behalf<br>of All Others Similarly Situated<br><br>    Plaintiffs<br><br>v.<br><br>Technip USA, Inc., Sampath Kumar<br>and Tim Weaver<br><br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 4:12-cv-2937 |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, NANCY JOHNSON, individually and on behalf of all other situated employees, by and through her undersigned attorneys, and sues Defendants and alleges as follows:

1.    Plaintiff brings this action on behalf of herself and all similarly situated employees of Defendant, TECHNIP USA, INC., for unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA").

2.    Jurisdiction is invoked pursuant to 28 U.S.C. §1331. This Court has jurisdiction over this matter as it involves a federal question based upon the Fair Labor Standards Act.

3.    This action lies in the United States District Court for the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. §1391(b), as the acts and occurrences giving rise to this complaint transpired in Harris County, Texas.

4.      Plaintiff JOHNSON has been in Records Management Department, Document Control from September 27, 2010 to August, 2012.

5.      Defendant, TECHNIP USA, INC., is a corporation formed and existing under the laws of the State of Delaware with a principal place of business in Houston, Texas.  At all times during Plaintiffs' employment and the employment of all similarly situated employees, TECHNIP USA, INC., was an employer as defined by 29 U.S.C. §203(d).

6.      Defendants own, manages and/or operates TECHNIP USA, INC., and regularly exercises the authority to hire and fire employees, determine the work schedules of employees, set the rate of pay of employees, and controls the finances and operations of TECHNIP USA, INC.  By virtue of such control and authority, TECHNIP USA, INC., is an employer as defined by 29 U.S.C. §203.

7.      Defendants directly or indirectly acted in the interest of an employer toward Plaintiff and other similarly situated employees at all times material to this action, including and without limitation directly or indirectly controlling the terms of employment and compensation of Plaintiff and others similarly situated.

8.      At all times material to this complaint, Defendants had two or more employees who regularly handled, sold, or otherwise worked on goods or materials that had been moved in or produced for commerce.

9.      Plaintiff and all other similarly situated employees were employees of Defendants and at all times relevant to the violations of the FLSA were engaged in commerce as defined by 29 U.S.C. §206(a) and 207(a)(1).

10.    Throughout Plaintiff's employment and the employment of all similarly situated employees, Defendant TECHNIP USA, INC., was an enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. §203(s)(1).

11.    Plaintiff represents a class of similarly situated employees within the meaning of FLSA consisting of current and former employees employed by Defendants and who were not paid time and one-half their regular rates of pay for hours worked in excess of 40 in any workweek (hereinafter "class").

12.    During Plaintiff's employment and the employment of all similarly situated employees, Defendants required, suffered or permitted Plaintiff and the class to work in excess of 40 hours in one or more workweeks (hereinafter "overtime hours").

13.    Defendants were aware that the FLSA required them to pay Plaintiff and each member of the class time and one-half of his or her regular rate of pay for each hour of overtime worked (hereinafter "overtime pay").

14.    Defendants were aware that Plaintiff and each member of the class had worked overtime hours during one or more workweeks; however, Defendants willfully failed and refused to pay overtime pay for overtime hours worked by Plaintiffs and each member of the class.

15.    As a result of Defendants' willful violation of the FLSA, Plaintiff and each member of the class are entitled to recover damages in the amount of the unpaid overtime, an equal amount as liquidated damages for Defendants' willful violation of FLSA, and reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, on behalf of herself and all other similarly situated employees, respectfully requests that this Court certify this claim as a collective action under the Fair Labor

3

Standards Act and order court supervised notice to the class and further demands judgment against the Defendants for the following:

    A.    Actual damages provided by law;

    B.    Liquidated damages as allowed by law;

    C.    Reasonable attorneys' fees and costs;

    D.    For pre-judgment interest in the event liquidated damages are not awarded;

    F.    For such other and further relief to which Plaintiffs and members of the class may be justly entitled, whether at law or in equity.

Respectfully submitted this 10th day of October, 2012.

## JURY TRIAL DEMAND

Plaintiffs demand a jury trial on all issues so triable.

FARNSWORTH & vonBERG, L.L.P.

By:    _____

Mary Frances vonBerg
State Bar No. 20611900
Federal ID 8295
Bennett S. Bartlett
State Bar No. 01842440
Federal ID 11032
333 North Sam Houston Parkway
Suite 300
Houston, Texas 77060
Telephone:    281-931-8902
Facsimile:    281-931-6032
ATTORNEYS FOR PLAINTIFF
NANCY JOHNSON